UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE L. MAXIE, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1688-B |
| | § | |
| UNITED STATES POSTAL SERVICE; | § | |
| JOHN POTTER, | § | |
| | § | |
|    Defendants. | § | |

## MEMORANDUM ORDER

Pending before the Court are Defendants United States Postal Service ("USPS") and John E. Potter ("Potter," and together with USPS, "Defendants") Motions to Dismiss Plaintiff Lonnie L. Maxie's ("Maxie") complaint (docs. 13, 15). Having considered the Motions, briefing, and applicable law, the Court is of the opinion that the Motions should be and hereby are **GRANTED**.

## I.

## BACKGROUND[1]

This case arises out of a dispute over the termination of a former postal service employee. Maxie began working for the USPS in 1977. (Compl. 1.) At some point prior to August 2000, Maxie began chronically missing work and showing up late due to pain in his feet. (*Id.*) Subsequently, during the month of August 2000, Maxie was diagnosed with gouty arthritis, a condition at the root of his pain. (*Id.*) Maxie requested a change in his regular work schedule to

---

[1] As explained *infra*, the Court derives its factual account from Maxie's Complaint, accepting as true all well-plead facts therein.

accommodate his newly diagnosed condition; however, USPS denied his request. (*Id.*) Instead, USPS began allowing Maxie to take sick leave, annual leave, and leave without pay as needed for his ailment. (*Id.*) Yet, ultimately,[2] the USPS terminated Maxie's employment, crediting his frequent attendance issues. (*Id.*) At the time of his initial termination, Willie Davis ("Davis") was employed as Maxie's immediate supervisor. (*Id.* at 5.)

In response to his termination, Maxie filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was discharged unlawfully on the basis of his disability, gouty arthritis. (*Id.* 1-2.) In January 2003, the parties participated in an arbitration hearing to attempt to resolve Maxie's complaint. (*Id.* at 2.) At the conclusion of the arbitration proceedings, the parties entered into an agreement (the "Agreement"), whereby Maxie was permitted to resume his duties for the USPS. (*Id.*) Although Maxie was to return to the USPS, the Agreement placed stipulations on his continued employment. (*Id.* at 5.) Specifically, the Agreement stated:

> Employee Lonnie Maxie understands that he must maintain satisfactory conduct, attendance, and performance for a minimum of one (1) year or 12 months. Satisfactory conduct, attendance, [sic] performance will be determined by the immediate supervisor. If conduct, attendance or performance is unsatisfactory at any time during the (1 [sic] year period, Lonnie Maxie understands that he will be subject to removal.

(*Id.*)

Maxie thus returned to work in January 2003, under a new immediate supervisor, Michael Watts ("Watts"). (*Id.* at 5-6.) Maxie's reinstatement was short lived, however, and on August 13,

---

[2]The exact date of Maxie's initial termination is unclear, as he alleges that he was terminated in both the months of October and November 2001. (*See* Compl. 1-2.)

2003, Maxie was terminated a second time for failure to comply with the terms of the Agreement. (*Id.* at 1, 5-6.) Maxie was given a notice signed by Davis, his former supervisor, informing him that he had accumulated excessive unexcused absences since his return to service in violation of the Agreement. (*Id.* at 6.) Maxie filed a second complaint with the EEOC, again claiming he was unlawfully discharged on the basis of his disability. (*Id.* at 1.) This action results out of this second complaint.

On September 24, 2008, Maxie, proceeding *pro se*, filed the instant lawsuit against USPS and Potter, the Postmaster General, claiming his termination violated the terms of the Agreement. (*Id.* at 5-6.) Maxie alleges that although he missed work upon his return to duty, this missed time was permitted by Watts, his new supervisor, as an accommodation for his disability. (*Id.* at 1-2 , 6.) Moreover, Maxie insists his termination violates the Agreement because the Agreement mandates that all of Maxie's performance assessments were to be made by his immediate supervisor ,Watts, but it was Davis, a former supervisor, who made the decision to terminate Maxie. (*Id.* at 5-6.) Maxie seeks reinstatement to his former position as well as approximately five years of back wages. (*Id.* at 9.) Defendants filed the instant motions to dismiss on December 15, 2008, alleging Maxie's claims should be dismissed because this Court lacks subject matter jurisdiction, or, alternatively, because Maxie's complaint fails to state a claim upon which relief can be granted. The Motions being ripe for adjudication,[3] the Court now turns to the merits of its decision.

---

[3] Maxie has yet to file a response to Defendants' motions to dismiss. Nevertheless, Defendants' motions are ripe for adjudication, as Maxie's responses are well overdue. *See* N.D. Tex. R. 7.1(e) ("A response brief to an opposed motion must be filed within 20 days from the date the motion is filed").

## II.

## LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction 'hav[ing] only the authority endowed by the Constitution and that conferred by Congress.'" *U.S. v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (quoting *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)). Motions to dismiss pursuant to FED. R. CIV. P. 12(b)(1) challenge the Court's subject matter jurisdiction over a dispute. In all matters, it is the plaintiff, as the party seeking to invoke jurisdiction, who bears the burden of proving jurisdiction lies. *St. Paul Reinsurance Co. v. Greenberg*, 1374 F.3d 1250, 1253 (5th Cir. 1998). Where, as here, a defendant challenges a court's subject matter jurisdiction while simultaneously challenging the sufficiency of a complaint, the court must first assess its jurisdiction to avoid improperly adjudicating the merits of a claim for which it has no authority to preside over. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

Courts within the Fifth Circuit recognize a distinction between "facial attacks" and "factual attacks" on a court's subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "'A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction' by examining the allegations in the complaint, which are presumed to be true." *Dawoud v. Dep't of Homeland Security*, 2007 WL 4547863, at *3 (N.D. Tex. Dec. 26, 2007); *Menchaca*, 613 F.2d at 511. A factual attack, in contrast, challenges the court's subject matter jurisdiction in fact. *Menchaca*, 613 F.2d at 511. A defendant may submit evidence in support of his factual attack on subject matter jurisdiction, and the court need not apply a presumption of truthfulness to the plaintiff's factual allegations in the complaint. *Id.*; *Dawoud*, 2007 WL 4547863, at *3. Accordingly,

a court may dismiss a complaint for want of subject matter jurisdiction on three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996). In the case presently before the Court, Defendants have failed to present the Court with evidence. The Defendants' challenge is therefore a facial attack, and the Court will accept as true all of Maxie's well plead facts. *See Dawoud*, 2007 WL 4547863, at *3.

### III.

### ANALYSIS

Defendants maintain this Court lacks subject matter jurisdiction over this suit, claiming jurisdiction properly lies exclusively in the Court of Federal Claims. Defendants contend that Maxie's claim is properly classified as an action against the federal government for breach of contract, actionable only in the Court of Federal Claims. Maxie fails to proffer an argument to rebut this contention.

In relevant part, the Tucker Act, 28 U.S.C. § 1491(a)(1), provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States ...." The Little Tucker Act, 28 U.S.C. § 1346(a)(2), vests the United States District Courts with concurrent jurisdiction over claims upon express or implied contracts "not exceeding $10,000 in amount[.]" Consequently, when a plaintiff seeks a judgment in excess of $10,000 on a contract with the United States government, the plaintiff's claims may only be litigated in the Court of Federal Claims. *Patterson v. Spellings*, 249 Fed. App'x 993, 995 (5th Cir. 2007) (citing *Sharp v. Weinberger*, 798 F.2d

1521, 1523 (D.C. Cir. 1986) (Scalia, J.)). It is well established that claims for damages arising out of the alleged breach of an employment settlement agreement with the United States constitute contracts with the United States, and may therefore only be brought in the Court of Federal Claims if the amount sought exceeds $10,000. *Patterson*, 249 Fed. App'x at 996 (citing *Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005)); *Guidry v. Halliburton Geophysical Services*, 976 F.2d 938, 940 (5th Cir. 1992) (stating that a "settlement agreement is a contract").

Here, although difficult to classify at first blush, Maxie's allegations are best viewed as a claim for a breach of contract. Maxie's factual allegations reveal that his grievance arises out of USPS's alleged failure to follow the terms of the parties' Agreement. Specifically, Maxie claims that his termination was unlawful because, under the terms of the Agreement, it was only Watts, his immediate supervisor, who had the authority to discharge him, and it was therefore in contravention of the Agreement for Davis to sign off on his termination. (Compl. 5-6.) Likewise, as plead, Maxie's allegations that his time off work was approved as an accommodation for his disability are relevant to the inquiry of whether his attendance was "satisfactory" under the Agreement. (*Id.* at 1, 5.) Finally, although Maxie does not plead a specific amount of damages sought, it is apparent that he seeks more than $10,000, as he prays for approximately five years lost wages. (*Id.* at 9.) Maxie's claim, therefore, is one for breach of contract against the United States, and jurisdiction lies exclusively in the Court of Federal Claims. *See Patterson*, 249 Fed. App'x at 996. Maxie, as the party seeking to invoke this Court's jurisdiction bears the burden of proving jurisdiction lies, *St. Paul Reinsurance Co.* at 1253, and he has failed to meet that burden here.[4] For these reasons, Defendants'

---

[4] As noted *supra*, Maxie failed to file a response to Defendants' motion to dismiss for lack of subject matter jurisdiction and rebut Defendants' contention that his claim is one for breach of contract and not one

motions to dismiss Maxie's complaint for want of subject matter jurisdiction (docs. 13, 15) should be and hereby are **GRANTED**.

## IV.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Maxie's complaint for want of subject matter jurisdiction (docs. 13, 15). This action is therefore **DISMISSED without prejudice**.

SO ORDERED.

DATED: August 13, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

for unlawful discrimination on the basis of disability. In dismissing this cause for want of subject matter jurisdiction, the Court expresses no opinion on the vitality of the latter.